UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARAIN LARAYONDA RANKINS, <br><br> Plaintiff, <br><br> vs. <br><br> DR. TESSIER; DR. STACY; NAPHCARE; SUPERVISOR AMBER; NURSE KAITLYNN; ASHTON VANHORN, NURSE LIZ; POLK COUNTY JAIL; POLK COUNTY; NURSE MICHAEL; NURSE SANDY; NURSE BAILEY; CO KYLE; NURSE MARY; KEVIN SCHIDNER; LT. DEVINE; NURSE JOHN DOES; DEPUTY OFFICER JOHN DOE; and CO JOHN DOE, <br><br> Defendants. | Case No: 4:24-cv-00139-RGE-WPK <br><br><br> **DEFENDANT NAPHCARE, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

**COME NOW** Defendant NaphCare, Inc. ("Defendant"), for its answer to Plaintiff's Amended Complaint and Jury Demand (ECF 9), states as follows:

**I.    The Parties to This Complaint**

A.    Defendant denies the allegations in Section I.A for lack of information sufficient to form a belief.

B.    Defendant denies "Dr. Stacy" is a doctor, Amber is a "Health Supervisor," or that Sandy is a "Nurse.". Defendant admits individual defendants identified as "Dr. Tessier, Dr. Stacy, Supervisor Amber, Nurse Kaitlynn, Ashton Vanhorn, Nurse Liz, Nurse Michael, Nurse Sandy, Nurse Bailey, and Nurse Mary" are employees of NaphCare, a company contracted with Polk County to provide certain medical services for persons incarcerated at Polk County Jail during

1

Plaintiff's incarceration. Defendant denies the remaining allegations in Section I.B for lack of information sufficient to form a belief.

**II.      Basis for Jurisdiction**

A.      This paragraph does not require a response from Defendant. To the extent a response is required, Defendant denies any allegations in Section II.A.

B.      Defendant denies the allegations in Section II.B.

C.      Plaintiff is not pursuing a *Bivens* claim, and therefore no response to Section II.C is required.

D.      Defendant denies the allegations in Section II.D.

**III.      Prisoner Status**

Defendant denies Section III for lack of information sufficient to form a belief.

**IV.      Statement of Claim**

A.      Defendant denies Section IV.A. for lack of information sufficient to form a belief.

B.      Defendant denies the allegations in Section IV.B.

C.      Defendant denies the allegations in Section IV.C.

D.      Defendant denies the allegations in Section IV.D. Plaintiff's Amended Complaint Section IV.D which refers to an attached "Statement of Claims." Defendant answers the allegations on ECF 6-1 at 3-15, a portion of the filed attachment to the Amended Petition under the heading "I.V. Statement of Claim," as if incorporated in Section IV.D of the Amended Complaint.

Statement of Claims

Defendant admits Plaintiff was provided antibiotics when medically appropriate.

Defendant states that whether Defendant owes a legal duty to Plaintiff is a legal question and therefore Defendant need not provide a response to those portions of Plaintiff's Amended

Complaint that allege such a duty; to the extent a response is required, Defendant denies the allegation. Defendant denies that it breached any duty owed to Plaintiff. Defendant denies it failed to appropriate train its employees to ensure appropriate medical care for disabled persons. Defendant denies that its employees failed to abide by the applicable standard of medical care. Defendant denies that its conduct or the conduct of its employees caused Plaintiff any injuries. Defendant further asserts that it did not have a practice, policy, or custom that caused a violation of Plaintiff's constitutional rights.

The Court's Initial Review Order dismissed Plaintiff's claims for disability discrimination under Title II of the Americans with Disabilities Act against Defendant and therefore no response to allegations related to that claim is required. To the extent a response is required, Defendant denies Plaintiff's allegations under the sections titled "ADA Claim."

Defendant denies all remaining allegations in the section titled "Statement of Claims" for lack of information sufficient to form a belief.

## V.    Injuries

Defendant denies that any conduct of its employees caused any of Plaintiff's alleged injuries, and Defendant denies allegations the allegations in Section V for lack of information sufficient to form a belief.

## VI.    Relief

Defendant denies the allegations in Section VI and denies Plaintiff is entitled to any of the relief sought.

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

A.    Defendant admits Plaintiff asserts claims relating to the time period he was incarcerated in the Polk County Jail. Defendant denies any remaining allegations in Section VII.A.

B.      Defendant admits that Polk County Jail has a grievance procedure, but denies any remaining allegations in Section VII.B for lack of information sufficient to form a belief.

C.      Defendant denies Section VII.C for lack of information sufficient to form a belief.

D.      Defendant denies Section VII.D for lack of information sufficient to form a belief

E.      Defendant denies Section VII.E and all subparagraphs for lack of information sufficient to form a belief.

F.      Plaintiff left Section VII.F. blank and therefore no response is required. To the extent a response is required, Defendant denies Section VII.F and all subparagraphs.

G.      Defendant denies Section VII.G for lack of information sufficient to form a belief.

## VIII.   Previous Lawsuits

Defendant admits Plaintiff has filed another lawsuit related to this lawsuit captioned as *Rankins v. Polk County et al.*, Case No. 4:24-cv-00103-RGE-WPK in the United States District Court for the Southern District of Iowa. Defendant denies the remaining allegations in Section VIII and all subparagraphs for lack of information sufficient to form a belief.

## IX.     Certificate and Closing

Section IX does not contain any factual allegations requiring an answer from Defendant. To the extent a response is required, Defendant denies any allegations in Section IX.

## GENERAL DENIAL

Any allegation in Plaintiff's Amended Complaint not specifically admitted is denied.

## JURY DEMAND

Defendant hereby demands a trial by jury on all claims against her.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has not suffered a legally cognizable injury. *See, e.g.*, *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1118–19 (8th Cir. 2007) (explaining that difference of medical opinion or course of treatment does not constitute deliberate indifference); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (holding that prison doctors remain free to exercise independent medical judgment and that inmates have no constitutional right to their requested course of treatment).

2.      Plaintiff's claim against NaphCare and its current or former employees in their official capacity fails because Defendant did not create a policy or custom that led to any constitutional violation, and Plaintiff's claim against Defendant directly fails for the same reason. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

3.      Plaintiff's alleged injuries may be the result of pre-existing injuries or medical conditions unrelated to those alleged to have occurred during the subject incarceration which may bar recovery or reduce recovery to the Plaintiff herein from this answering Defendant.

4.      If Plaintiff has sustained damages as a result of the conduct alleged, which Defendant denies, then to the extent Plaintiff failed to mitigate said damages, recovery is barred or must be proximately reduced.

5.      One or more of Plaintiff's claims fails to state a claim upon which relief can be granted.

6.      To the extent Plaintiff seeks punitive damages, punitive damages are barred against Defendant as a municipal defendant.

7.      Defendant alleges that if Plaintiff is entitled to recover for any damages suffered at the time and place alleged, then the total amount of damages to which Plaintiff would otherwise be entitled should be reduced in proportion to the amount of fault attributable to Plaintiff, or to a

third person or persons, which fault directly and proximately contributed to Plaintiff's alleged damages.

8.    Defendant alleges that its and its employees' actions were objectively reasonable under the circumstances and that they were acting in good faith and without malice.

9.    The Plaintiff's requested relief is barred in whole or in part by 18 U.S.C. § 3626.

10.    The Plaintiff's requested relief is barred in whole or in part by 18 U.S.C. § 1997e(e) because Plaintiff has not suffered a physical injury.

11.    Plaintiff failed to exhaust his administrative remedies. 42 U.S.C. § 1997e(a).

12.    Any alleged delay in treatment did not aggravate Plaintiff's condition. *Hancock v. Arnott*, 39 F.4th 482 (8th Cir. 2022).

13.    Any alleged damages suffered by Plaintiff were not attributable to Defendant's conduct.

14.    Plaintiff's damages, if any, were wholly or proximately caused by persons or entities over which this answering Defendant has or had no control.

15.    Plaintiff's alleged damages were not causally connected to the alleged actions of Defendant.

16.    Plaintiff is barred from asserting any claims against Defendant because the alleged damages were the result of one or more unforeseeable intervening and superseding causes.

17.    Plaintiff has failed to plead any acts or omissions of this answering Defendant sufficient to constitute punitive damages.

18.    Any award of punitive damages would be unconstitutional under applicable constitutional protection.

19.    Plaintiff assumed the risks of refusal, treatment, and/or natural progression of his condition.

20.    Plaintiff's own conduct was the cause of his damages, if any.

21.    In order to avoid waiver, Defendant asserts the affirmative defenses set forth in Rule 8(c) and 12(b) Fed. R. Civ. P. should discovery reveal these defenses are appropriate.

22.    Defendant reserves the right to assert other and further additional and affirmative defenses based on facts and circumstances that may become known, through discovery or otherwise.

*/s/ Dana W. Hempy*
Brianna L. Long        AT0013958
Dana W. Hempy        AT0014934
NYEMASTER, GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, IA  50309-3899
Telephone: (515) 283-3100
Facsimile:  (515) 283-8045
E-Mail: blong@nyemaster.com
E-Mail: dhempy@nyemaster.com
**ATTORNEY FOR DEFENDANTS DR. TESSIER, DR. STACY, NAPHCARE, SUPERVISOR AMBER, NURSE KAITLYNN, ASHTON VANHORN, NURSE LIZ, NURSE MICHAEL, NURSE SANDY, NURSE BAILEY, AND NURSE MARY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true copy of the foregoing document was served upon all parties of record through the Court's CM/ECF electronic filing system on August 25, 2025. A true and correct copy was also sent via U.S. Mail to non-ECF participants:

<table>
<tr>
<td>
Marain Larayonda Rankins<br>
#6716209<br>
Greenville - FCI<br>
Inmate Mail/Parcels<br>
P.O. Box 5000<br>
Greenville, IL 62246
</td>
<td>
Julie J. Bussanmas<br>
Meghan L. Gavin<br>
Assistant Polk County Attorney<br>
111 Court Avenue, Suite 340<br>
Des Moines, IA 50309<br>
Email:  Julie.Bussanmas@polkcountyiowa.gov<br>
Meghan.Gavin@polkcountyiowa.gov<br>
ATTORNEY FOR DEFENDANTS POLK<br>
COUNTY, CO KYLE, AND KEVIN<br>
SCHNEIDER
</td>
</tr>
</table>

/s/ *Dana W. Hempy*