UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARAIN LARAYONDA RANKINS, <br><br> Plaintiff, <br><br> v. <br><br> DR. TESSIER; DR. STACY; NAPHCARE; SUPERVISOR AMBER; NURSE KAITLYNN; ASHTON VANHORN; NURSE LIZ; POLK COUNTY; NURSE MICHAEL; NURSE SANDY; NURSE BAILEY; CO KYLE; NURSE MARY; and KEVIN SCHNEIDER, <br><br> Defendants. | No: 4:24-cv-00139-RGE-WPK <br><br> ORDER DISMISSING CASE |

Plaintiff Marain Larayonda Rankins filed this complaint under 42 U.S.C. § 1983 without assistance of counsel. Am. Compl., ECF No. 6. The Court allowed certain claims to move forward after initial review. *See* Further Initial Review Order, ECF No. 9; *see also* 28 U.S.C. § 1915A. Rankins now moves to dismiss this case. Pl.'s Mot. Dismiss, ECF No. 46.

A plaintiff can dismiss a case without court order "before the opposing party serves either an answer or a motion for summary judgment" or by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). A plaintiff can also dismiss pursuant to a court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, because some Defendants have answered, Rankins needs a signed stipulation of dismissal or court order. *See, e.g.*, Def. Naphcare's Answer, Affirm. Defenses, Jury Demand, ECF No. 33; Def. Nurse Bailey's Answer, Affirm. Defenses, Jury Demand, ECF No. 34.

Shortly after Rankins filed this motion, all Defendants except Defendant NaphCare filed

notices of non-resistance to Rankins's motion.[1] Defs. Dr. Tessier, Nurse Sandy, Supervisor Amber, Dr. Stacy, Nurse Michael, Ashton Vanhorn, Nurse Bailey, Nurse Liz, Nurse Mary's Notice Nonresist. Pl.'s Mot. Dismiss, ECF No. 47; Defs. Polk Cnty., CO Kyle, Kevin Schneider's Notice Nonresist. Pl.'s Mot. Dismiss, ECF No. 48. NaphCare has not responded. *See* ECF No. 47 at 1. Because one Defendant has not consented, the Court will address Rankins's motion under Rule 41(a)(2).

When analyzing a Rule 41(a)(2) motion, courts consider 1) "whether the party has presented a proper explanation for its desire to dismiss," 2) "whether a dismissal would result in a waste of judicial time and effort," 3) "whether a dismissal will prejudice the defendants." *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). "Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.*

The Court grants Rankins's voluntary motion to dismiss. Rankins moved to dismiss this case because he does not understand it, does not have an attorney, he feels he cannot do it, and he does not want to proceed. ECF No. 46. The Court considers this a proper explanation. Before filing this case, Rankins filed a case with related or similar claims to this case. *See Rankins v. Polk Cnty.*, No. 4:24-cv-00103-WPK (S.D. Iowa) ("Sister Case"). Rankins is represented in the Sister Case. Notice Appear., No. 4:24-cv-00103, ECF No. 8. The Court does not consider Rankins to be forum-shopping or otherwise pursuing this strategy for an improper purpose. He simply has similar claims in the Sister Case, where he is represented.

This dismissal is not a waste of judicial time and effort. This case is in its early stages. There are also pending motions to consolidate in both cases that this dismissal would moot. *See*

---

[1] Given the moniker "NaphCare Defendants" used in the NaphCare Defendants' Notice, it seems likely that its omission was a scrivener's error. *See* ECF No. 47 at 1.

Defs. Naphcare, Nurse Kaitlynn, Dr. Tessier, Nurse Sandy, Supervisor Amber, Dr. Stacy, Nurse Michael, Ashton Vanhorn, Nurse Bailey, Nurse Liz, Nurse Mary's Mot. Consolidate, ECF No. 13; Defs.' Am. Mot. Consolidate, No. 4:24-cv-00103, ECF No. 78. This dismissal is in the interest of judicial economy.

Finally, a dismissal in this case will not prejudice Defendants. All but one Defendant has notified the Court of their non-resistance to dismissal. *See* ECF Nos. 47, 48. Given Rankins's reason for dismissing, and the fact that Rankins already has a similar case pending that he has not moved to dismiss, there is no apparent prejudice in dismissing this action. As such, the Court grants Rankins's voluntary motion to dismiss.

Accordingly,

**IT IS ORDERED** that Plaintiff Marain Larayonda Rankins's Motion to Dismiss, ECF No. 46, is **GRANTED**. The Clerk of Court is directed to terminate this case.

**IT IS SO ORDERED**.

Dated this 21st day of October, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

3